### No. 238

### EVERSMAN v. SHIPMAN CO. et.

Ohio Appeals, 1st Dist., Butler Co.

No. 284. Decided Nov. 23, 1925

313. CORPORATIONS—Mortgages executed by a corporation subsequent to cancellation of articles of incorporation are valid, the theory being that it remains a corporation de jure until proceedings are brought under 5513 GC. and judgment of ouster entered thereunder.

HAMILTON, J.

The Ray Shipman Co. was engaged in the business of dealing in and improving real estate. Its articles of incorporation were cancelled for failure to make a report and pay taxes as provided by 5509 GC.

Prior to such cancellation the Company had become indebted to George Eversman.

After the cancellation the Company continued to do business and executed certain mortgages to secure the repayment of borrowed money used in connection with its business. These mortgages were set up by way of cross-petitions in a proceeding to marshal liens; and their validity is resisted by Eversman who claimed that the executions of the liens were void, having been executed subsequent to the cancellation of the articles of incorporation.

The Butler Common Pleas held the mortgages valid and Eversman prosecuted error to the Court of Appeals. The Court held:

1. No direct action has been brought to oust the company from transacting business, the attack being collateral.

2. Section 5511 GC. gives the corporation the right of complying with the statute by filing a report and paying the tax and penalties, thus recognizing its corporate existence.

3. It has been held that a corporation, during the period in which it may comply with the requirements of law and pay its taxes in order to become re-instated, is a de facto corporation, and as such its contracts are good.

4. Under the circumstances, the corporation remains a de jure corporation until proceedings are brought under 5513 GC. and judgment of ouster entered thereunder.

5. It would make no difference as to the legality of the mortgages whether they were executed by the corporation as de facto or de jure.

6. If Eversman's contention were correct, before safely contracting with a corporation, contracting parties would first have to secure information from the secretary of state each year, as to the corporation. This would seriously affect the business of the country and lead to a situation that might render the statutes unconstitutional.

7. The mortgages in question are valid.

Judgment affirmed.

Attorneys—Roettinger & Street, Cincinnati, and Andrews, Andrews, and Rogers, Hamilton, for Eversman; J. F. Neilan, Shotts & Millikin, Williams & Sohngen, Fitton & Beller, Hamilton, W. C. Shepherd; for Shipman Co.